UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SOYEON KIM,<br><br>      *Plaintiff,*<br><br>  v.<br><br>JOHN DOE, *et al.*,<br><br>      *Defendants*. | Civil Action No. 24-3266 (RDM) |

### MEMORANDUM OPINION

      Defendants, John Doe and Anthony Blinken, filed a motion to dismiss this case on February 3, 2025, arguing that dismissal was required because Plaintiff had failed to state a claim and because this Court lacked jurisdiction. Dkt. 9. Under this Court's local rules, a party opposing a motion must serve and file a memorandum of points and authorities in opposition within 14 days of the date of service of the motion. Local Civil Rule 7(b). In accordance with that rule, Plaintiff's opposition to Defendants' motion to dismiss was due on February 17, 2025.

      On February 19, 2025, the Court advised Plaintiff, who is represented by counsel, that she had missed that deadline, and the Court gave her an additional week—until February 26, 2025—to file an opposition to the motion to dismiss. *See* Min. Entry (Feb. 19, 2025). The Court cautioned Plaintiff that, if she failed to respond "by that date, the Court may (1) treat the motion as conceded; (2) rule on Defendant's motion based on Defendant's arguments alone and without considering Plaintiff's arguments; or (3) dismiss Plaintiff's claims for failure to prosecute." *Id.*

      Plaintiff failed to file a response to Defendants' motion to dismiss on or before February 26, 2026, despite the Court's clear direction and *sua sponte* extension of time. "District courts have inherent power to dismiss a case *sua sponte* for a plaintiff's failure to prosecute or

otherwise comply with a court order." *Peterson v. Archstone Communities LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011).  The Court concludes that dismissal for failure to prosecute is warranted here.  Plaintiff failed to respond to Defendants' motion to dismiss and failed to respond to the Court's order warning her that, if she failed to correct that omission in a timely manner, the Court might dismiss the action for failure to prosecute.  Out of an abundance of caution, the Court has now waited an additional week, yet Plaintiff has disregarded the Court's order and has failed even to acknowledge Defendants' motion to dismiss.

The Court will, accordingly, **DISMISS** the action without prejudice for failure to prosecute, and will **DENY** Defendants' pending Motion to Dismiss, Dkt. 9, as moot.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Dated: March 5, 2025